# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

DERRICK WALKER,

        Plaintiff,

    v.

MS. NEWTON,

        Defendant.

CIVIL ACTION NO.: 6:16-cv-2

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Smith State Prison in Glennville, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) The Court has conducted the requisite frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's official capacity claims for monetary damages and his claims for compensatory and punitive damages. I further **RECOMMEND** that the Court DISMISS Plaintiff's claim for a declaratory judgment, as well as his Eighth Amendment cruel and unusual punishment, equal protection, retaliation, and state law slander claims. Additionally, the Court should **DISMISS AS MOOT** Plaintiff's claims for preliminary and permanent injunctive relief against Defendant.

However, Plaintiff has stated a viable deliberate indifference claim for nominal damages against Defendant under the Eighth Amendment, and that claim shall proceed. Consequently, the Court hereby **ORDERS** that the Complaint and this Order be served on Defendant. The

Court provides additional instructions to Plaintiff and Defendant pertaining to the future litigation of this action, which the parties are urged to read and follow.

## BACKGROUND[1]

Plaintiff filed this action on January 11, 2016. In his Complaint, he names "Ms. Newton," a correctional officer at Georgia State Prison in Reidsville, Georgia, as the sole Defendant. (Doc. 1.) Plaintiff, a former member of the Goodfellas gang, claims that between June 15, 2014, and June 30, 2014, Defendant placed his life in danger by "circulat[ing] rumors that [he] was a snitch." (Id. at p. 3.) Plaintiff claims that Defendant showed a letter allegedly written by Plaintiff, in which he informed prison staff that certain inmates had cell phones in their cells, to Goodfellas gang members incarcerated at Georgia State Prison. Id. Plaintiff avers that showing the letter to his former gang members and labeling him as a "snitch" placed his life in danger. Id. Plaintiff claims that, following this incident, he sought protective custody but was denied that protection due to his former status as a Goodfellas gang member. (Id. at p. 4.) Plaintiff further claims that he was transferred to Smith State Prison and placed in administrative segregation on August 4, 2014, in retaliation for filing grievances pertaining to Defendant's actions. Id.

Through his Complaint, Plaintiff seeks compensatory damages, punitive damages, and nominal damages. (Id. at pp. 6–7.) Additionally, he asks the Court to issue a declaratory judgment that Defendant's acts were unlawful and he requests the Court grant him preliminary and permanent injunctive relief. Id. Specifically, he asks that the Court order that he be placed in protective custody. Id.

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Thompson v. Rundle</u>, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard,

this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. <u>Twombly</u>, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.    Section 1983 Official Capacity Claims for Monetary Damages

Plaintiff cannot sustain a Section 1983 claim against Defendant for monetary damages in her official capacity. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. <u>Alden v. Maine</u>, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its

consent. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. <u>Id.</u> at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendant in her official capacity as an officer at a state penal institution. Accordingly, the Eleventh Amendment immunizes this actor from suit in her official capacity. <u>See</u> <u>Free v. Granger</u>, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendant in her official capacity, and the Court should, therefore, **DISMISS** this claim.

## II.  Plaintiff's Claims for Compensatory and Punitive Damages

Plaintiff also seeks compensatory and punitive damages from Defendant in her individual capacity. (Doc. 1, p. 6.) However, Plaintiff does not allege that he suffered any physical injury as a result of Defendant's actions. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002) (citing <u>Harris v. Garner</u>, 216 F.3d 970, 976–79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." <u>Id.</u> at 532.

In <u>Williams v. Brown</u>, 347 F. App'x 429, 436 (11th Cir. 2009), the Eleventh Circuit held that, "compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional

rights that the defendant violated. Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minim[i]s* physical injury." Id. (internal citations omitted) (alterations in original). Consequently, a prisoner who has not suffered any physical injury cannot recover compensatory or punitive damages. Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011) ("In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the PLRA because the plaintiffs failed to meet § 1997e(e)'s physical injury requirement."); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) ("Plaintiff seeks nominal, compensatory, and punitive damages. It is clear from our case law, however, that the latter two types of damages are precluded under the PLRA.") *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277 (2011). However, the Eleventh Circuit has held that Courts should dismiss an inmate's punitive and compensatory damages claims under Section 1997e(e) without prejudice to allow an inmate to refile his claims when and if he is released. Harris v. Garner, 216 F.3d 970, 980 (11th Cir. 2004).

Additionally, the Eleventh Circuit has also stated that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Williams v. Brown, 347 F. App'x at 436 (quoting Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003)). "Thus, a prayer for nominal damages is not precluded by § 1997e(e)." Id. (quoting Smith v. Allen, 502 F.3d at 1271; see also, Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012) report and recommendation adopted, No. CV 311-044, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012) ("Nominal damages are available for violations of the First Amendment.")).

In this case, Plaintiff has not alleged that he has suffered any physical injury due to Defendant's alleged constitutional violations. Accordingly, the Court should **DISMISS** his claims for compensatory and punitive damages **without prejudice** pursuant to 42 U.S.C. § 1997e(e). However, Section 1997e(e) does not bar Plaintiff's claims for nominal damages.

### III.    Plaintiff's Claims for Preliminary and Permanent Injunctive Relief

In his Complaint, Plaintiff requests that this Court issue preliminary and permanent injunctions requiring that he be placed in protective custody. (Doc. 1, p. 6.) However, Plaintiff's injunctive relief claims against Defendant are now moot because Plaintiff is no longer housed at Georgia State Prison. Rather, Plaintiff is housed at Smith State Prison, a facility where Defendant does not work. As such, Defendant does not have any involvement in Plaintiff's current confinement, much less decision making authority over whether he is placed in protective custody. An inmate's claim for injunctive relief against a prison official is subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Thus, the Court should **DISMISS AS MOOT** Plaintiff's claims for preliminary and permanent injunctive relief against Defendant.

### IV.    Plaintiff's Claims for Declaratory Relief

Plaintiff also requests this Court enter a judgment declaring that the acts and omissions of the Defendant violate the Constitution and the laws of the United States. (Doc. 1, p. 6.) "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the

filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction[.]" <u>Mata v. Sec'y of Dep't of Homeland Sec.</u>, 426 F. App'x 698, 699 (11th Cir. 2011) (quoting <u>Borden v. Katzman</u>, 881 F.2d 1035, 1037 (11th Cir. 1989)). A party who is seeking to invoke the court's jurisdiction "must show: '(1) that [he] personally [has] suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision.'" <u>Am. Ins. Co. v. Evercare Co.</u>, 430 F. App'x 795, 798 (11th Cir. 2011) (quoting <u>GTE Directories Publ'g Corp. v. Trimen Am., Inc.</u>, 67 F.3d 1563, 1567 (11th Cir. 1995)). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Id.</u> (internal citation and punctuation omitted).

As discussed above in regards to Plaintiff's injunctive relief claims, any equitable relief this Court may grant as to Defendant would not redress any actual or threatened injury because Plaintiff is no longer housed at Georgia State Prison. Consequently, Plaintiff has not plausibly alleged that there is a substantial controversy, between him and Defendant, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Therefore, the Court should also **DISMISS** Plaintiff's claims for a declaratory judgment.

## V.  Eighth Amendment Claims

### A.  Cruel and Unusual Punishment

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain."  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted).  Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights.  Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons.  Id.  Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities."  Id. at 347.

Even accepting Plaintiff's assertions as true, they do not plausibly state an Eighth Amendment claim of cruel and unusual punishment.  Plaintiff asserts that Defendant spread rumors that he was a "snitch," thereby "slander[ing] [his] name and reputation" and subjecting him to potential attacks from other inmates.  (Doc. 1, pp. 4–5.)  As Plaintiff does not allege that he has actually been attacked or has received any threats of attack, Defendant's alleged actions amount to, at most, verbal abuse.  The Eleventh Circuit has held that "verbal abuse alone is insufficient to state a constitutional claim."  Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008)  Accordingly, Plaintiff's claim that Defendant subjected him to cruel and unusual punishment in violation of the Eighth Amendment by spreading rumors and injuring his reputation should be **DISMISSED**.  However, as discussed below, Plaintiff plausibly states a claim of deliberate indifference pursuant to the Eighth Amendment.

## B.    Deliberate Indifference

The Eighth Amendment imposes duties on prison officials including the duty to take reasonable measures to ensure the safety of inmates.  Farmer, 511 U.S. at 828.  This right to safety is violated when prison officials show a deliberate indifference to a substantial risk of serious harm.  Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828).  In order to prevail on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendant showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendant's acts or omissions and the alleged constitutional deprivation.  Id.

"To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Id. (quoting Purcell v. Toombs Cty., 400 F.3d 1313, 1319–20 (11th Cir. 2005)).  Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts.  However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights."  Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010).  In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence."  Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Plaintiff plausibly alleges that he faces a substantial risk of serious harm as a result of being labeled a "snitch" by Defendant.  "[A]n excessive risk of inmate-on-inmate violence at a jail

creates a substantial risk of serious harm." Purcell v. Toombs Cty., 400 F.3d 1313, 1320 (11th Cir. 2005). A prisoner has a right . . . to be reasonably protected from constant threat of violence . . . from his fellow inmates." Id. at 1320–21 (citing Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)). Furthermore, an inmate who faces a real and immediate threat need not wait to be the victim of an attack to state a claim for prospective injunctive relief. See Smith v. Ark. Dep't of Corr., 103 F.3d 637, 644 (8th Cir. 1996) ("We bear in mind . . . that an inmate does not have to await the consummation of threatened injury to obtain preventive relief.") (quoting Farmer v. Brennan, 511 U.S. at 845) (emphasis added).

Significantly, the Eleventh Circuit has held in a similar case that an inmate's nearly identical allegations were sufficient to state a claim for relief. In Harmon v. Berry, 728 F.2d 1407 (11th Cir. 1984), an Alabama state prisoner filed a *pro se* Section 1983 action alleging that a correctional officer violated his constitutional rights by spreading rumors that he had informed on another inmate, thereby giving him a reputation as a "snitch" throughout the correctional facility. Id. at 1408. The U.S. Magistrate Judge recommended that the complaint be dismissed as frivolous because Harmon failed to allege that he had been attacked or threatened as a result of the rumor. Id. The United States District Court for the Northern District of Alabama adopted the Magistrate Judge's Report and Recommendation, dismissed the action, and Plaintiff filed an appeal. Id. at 408–09. The Eleventh Circuit reversed the decision of the district court, finding that plaintiff's "claim, on its face, [was] sufficient to carry th[e] cause of action through the service of process stage." Id. at 1409. (citing Gullatte v. Potts, 654 F.2d 1007, 1009–10 (5th Cir. 1981) in which inmate known to be a "snitch," was murdered after being transferred to the general prison population and noting that the former Fifth Circuit remanded the action to the district court to determine "whether the warden knew . . . the danger 'snitches' are in when

placed in a general prison population"). Much like the inmate in <u>Harmon</u>, Plaintiff claims that Defendant spread rumors that he is a "snitch" and has told other inmates that Plaintiff informed on them. Therefore, as the Eleventh Circuit has previously recognized, Plaintiff plausibly alleges that he faces a substantial risk of serious harm as a result of Defendant's actions.

Plaintiff also plausibly alleges that Defendant knew of and disregarded the substantial risk of serious harm to his safety by engaging in conduct that surpassed gross negligence. Specifically, Plaintiff alleges that Defendant purposely perpetuated the rumor throughout the prison, which created the dangerous conditions in which he now lives. Accordingly, at this stage, Plaintiff alleges sufficient facts to state a claim of deliberate indifference, and this claim shall proceed.

## VI.    State Law Claim

"[I]n any civil action of which the district courts have original jurisdiction," district courts also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Plaintiff has arguably also asserted a pendent state law claim of slander, based upon Defendant's verbal accusations that he is a "snitch." Because Plaintiff's slander claim arises from the same action of Defendant as his federal Eighth Amendment claim the Court has supplemental jurisdiction over that claim. The Court should exercise that jurisdiction to **DISMISS** Plaintiff's state law claim.

Under O.C.G.A. § 51-5-4, "slander or oral defamation consists in (1) [i]mputing to another a crime punishable by law; (2) [c]harging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; (3) [m]aking charges against another in reference to his trade, office, or profession, calculated to injure him

therein; or (4) [u]ttering any disparaging words productive of special damage which flows naturally therefrom." Defendant's alleged statements neither accuse Plaintiff of a crime nor associate him with a contagious disease or debasing act or implicate his profession or trade. Furthermore, Plaintiff has alleged no facts showing he suffered monetary loss or other special damages as a result of Defendant's accusation that he is a "snitch." See O.C.G.A. § 51-5-4(b) ("In the situation described in paragraph (4) of subsection (a) of this Code section, special damage is essential to support an action"). Consequently, Plaintiff fails to state a viable slander claim and the Court should, therefore, **DISMISS** that claim.

## VII. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that persons similarly situated should be treated alike. See, e.g., City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the [government] engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1318–19 (11th Cir. 2006) (internal citation omitted). The equal protection clause prohibits only intentional discrimination. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

According to Plaintiff, he has been discriminatorily denied protective custody because he is a former gang member. As a threshold matter, Plaintiff does not allege that the named Defendant has denied him protective custody, but that "prison officials in [the Department] of Corr[ection]s w[o]n't give [him] protection." (Doc. 1, pp. 3–4.) Having failed to identify these officials in his Compliant, Plaintiff may not assert his equal protection claims against those individuals against this Defendant. Nevertheless, even if this Defendant had denied Plaintiff

protective custody, his equal protection claims would still fail. Plaintiff sets forth no facts which indicate that he has been treated differently than inmates who are similarly situated to him based on a constitutionally protected basis. He has not been categorized into a suspect classification, one based upon his race, religion, sex, or national origin, and he does not allege that Defendants have impinged a fundamental interest. See Moody v. Daggett, 429 U.S. 78, 88, n.7, (1976) (federal prisoners have no constitutionally protected interest in prison classification or rehabilitative programs). Even assuming, *arguendo*, prisoners who are not former gang members are given protective custody while former gang members are denied protective custody, courts accord "wide-ranging deference [to prison administrators] in adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979); Alvarez v. Wells, No. CV 312-103, 2013 WL 326214, at *1 (S.D. Ga. Jan. 28, 2013) ("courts have held that prison officials do not offend equal protection principles by excluding prisoners from [prison] programs because of their security classification.") Accordingly, the Court should **DISMISS** Plaintiff's equal protection claims.

## VIII.   Retaliation

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (internal citation and punctuation omitted)). "To establish a First Amendment retaliation claim, a prisoner need not allege the

violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant, 637 F.3d at 1212. "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Plaintiff alleges that he was transferred to Smith State Prison and placed in administrative segregation in that institution as punishment for filing grievances concerning Defendant's actions. While Plaintiff has arguably stated facts which plausibly allege a First Amendment retaliation claim, he has not alleged facts showing that the named Defendant is in any way responsible for the retaliatory action. For this reason, the Court should **DISMISS** Plaintiff's First Amendment claim.

## CONCLUSION

It is my **RECOMMENDATION** that the Court **DISMISS** Plaintiff's official capacity claims for monetary damages and his claims for compensatory and punitive damages. I further **RECOMMEND** that the Court **DISMISS** Plaintiff's claim for a declaratory judgment, as well as his Eighth Amendment cruel and unusual punishment, equal protection, retaliation, and state law slander claims. Additionally, the Court should **DISMISS AS MOOT** Plaintiff's claims for preliminary and permanent injunctive relief against Defendant. However, these allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendant for deliberate indifference to

his Eighth Amendment right to safety. A copy of this Order and Plaintiff's Complaint shall be served upon Defendant by the United States Marshal without prepayment of cost.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

The Court also provides the following instructions to the parties regarding the remaining claims and Defendants that will apply to the remainder of this action and which the Court urges the parties to read and follow.

### INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the

deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such

materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants.  Interrogatories are not to contain more than twenty-five (25) questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the Court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants.  Upon no less than five (5) days' notice of the scheduled deposition date, the

Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for

summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA